| | |
|---|---|
| CARLTON R. CALLINS, <br><br>　　　　　Plaintiff, <br><br>　v. <br><br>J. ESCUTIA, et al., <br><br>　　　　　Defendants. | Case No. 1:19-cv-00431-DAD-EPG <br><br> ORDER COMPELLING PRODUCTION OF CERTAIN DOCUMENTS, SETTING DEADLINE TO SERVE DEFENDANT C. ZAMORA, AND SETTING DEADLINE TO NOTIFY COURT OF INTEREST IN SETTLEMENT CONFERENCE <br><br>(ECF NO. 2) |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Carlton R. Callins ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On September 11, 2019, the Court held an Initial Scheduling Conference ("Conference"). Plaintiff telephonically appeared on his own behalf. Counsel Robert Perkins and Jon Allin telephonically appeared on behalf of Defendants.

During the Conference, and with the benefit of a scheduling conference statement provided by the Defendants, the Court and the parties discussed relevant documents in this case. In addition to opening discovery generally, the Court ordered that certain documents that are central to the dispute be promptly produced. The Court also discussed Plaintiff's failure to serve Defendant C. Zamora and indicated that it would set a deadline for Plaintiff to accomplish service on C. Zamora. Finally, the Court discussed a deadline for the parties to alert the Court as to

1

whether they would like to participate in a settlement conference.

Therefore, to secure the just, speedy, and inexpensive disposition of this action[1], and after consideration of Federal Rule of Civil Procedure 26(b)(1)[2], IT IS ORDERED that[3]:

1. Each party shall, within 30 days of the date of this order, produce to the opposing party(s) all 602 grievance documents and responses related to the incident from which this suit arises that are within the party's possession, custody, or control, as well as the Rules Violation Report related to that incident and any decision related to the Rules Violation Report;

2. Plaintiff has until January 20, 2020, to submit accurate and sufficient information to identify Defendant C. Zamora so that the US Marshal can effect service of the summons and complaint. If Plaintiff failed to identify C. Zamora by this time, the Court will recommend dismissal of claims against C. Zamora without prejudice; and

\\\
\\\

---

[1] *See*, *e.g.*, *United States v. W.R. Grace*, 526 F.3d 499, 508–09 (9th Cir. 2008) ("We begin with the principle that the district court is charged with effectuating the speedy and orderly administration of justice. There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").

[2] Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Ibid*.

[3] Pursuant to Federal Rule of Civil Procedure 16, "[a]t any pretrial conference, the court may consider and take appropriate action on the following matters: . . . controlling and scheduling discovery, including orders affecting disclosures and discovery under Rule 26 and Rules 29 through 37" and "facilitating in other ways the just, speedy, and inexpensive disposition of the action." Fed. R. Civ. P. 16(c)(2)(F). *See also Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("The district court has wide discretion in controlling discovery."). Federal Rule of Civil Procedure 16 vests the district court with early control over cases "toward a process of judicial management that embraces the entire pretrial phase, especially motions and discovery." *In re Arizona*, 528 F.3d 652, 655 (9th Cir. 2008) (affirming district court's requiring that prison officials prepare a *Martinez* report to give detailed factual information involving a prisoner's suit under 42 U.S.C. § 1983 and stating "district courts have wide latitude in controlling discovery."). *See also* Advisory Committee Notes to 1993 Amendment to Federal Rules of Civil Procedure regarding Rule 26(a) ("The enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order or local rule that the parties disclosed additional information without a discovery request.").

3. On or before March 13, 2020, Defendants are instructed to email Courtroom Deputy Michelle Rooney at mrooney@caed.uscourts.gov., to alert the Court as to whether the parties will seek a settlement conference.

IT IS SO ORDERED.

Dated: **September 12, 2019**

/s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE